IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TODD A. WEILER, )
    Plaintiff, )
)
v. ) Case No. 1:10cv157
)
ARROWPOINT CORPORATION, et al., )
    Defendants. )

## ORDER

The matter came before the Court on plaintiff's motion for reconsideration of the May 11, 2010 Memorandum Opinion. The motion, having been fully briefed and argued, is now ripe for disposition.

Plaintiff seeks reconsideration of the Memorandum Opinion granting the motion to dismiss of Virginia Commerce Bank and Jeffrey Satterly (together "Bank defendants") and granting in part and denying in part the motion to dismiss of Arrowpoint Corporation ("Arrowpoint"), Arrowpoint International Corporation, and Chrystle Small (together "Arrowpoint defendants"). *See Weiler v. Arrowpoint Corp.*, No. 1:10cv157 (E.D. Va. May 11, 2010) (Memorandum Opinion). Plaintiff primarily contends that Bank defendants should not have been dismissed from the case because there is a good faith basis to allege that Bank defendants fraudulently misrepresented that they would allow Arrowpoint to make payments on the promissory note to plaintiff as long as Arrowpoint also made its payments to Virginia Commerce Bank. To the extent that factual allegations may be pled that plausibly give rise to a fraud claim against Bank defendants, these allegations were not pled in the original thirteen-

count, fifty-six page complaint.[1] Thus, because plaintiff has not shown any "clear error of law" in the dismissal of the claims against Bank defendants, the motion for reconsideration must be denied in this respect.

Nor is there any merit to the motion for reconsideration in any other respect. Plaintiff now alleges that Bank defendants breached the duty of good faith and fair dealing, but the complaint contains no such allegation, nor has there yet been any forecast of factual allegations that would plausibly give rise to such a claim. Plaintiff also argues that the negligent misrepresentation and constructive fraud claims should not have been dismissed on the basis of Bank defendants' promises that Arrowpoint would make payments on the note, but the Supreme Court of Virginia has made it pellucidly clear that no negligent misrepresentation or constructive fraud claims lie on a promise of future action. *See Supervalu, Inc. v. Johnson*, 666 S.E.2d 335, 342 (Va. 2008). Finally, the quantum meruit and unjust enrichment claims were appropriately dismissed as there is no dispute among the parties that the promissory note is a valid contract.[2] Thus, plaintiff has not shown any errors in the Memorandum Opinion, and the motion for reconsideration is accordingly denied.

The parties' cross-motions for summary judgment, having been fully briefed and argued, are appropriately taken under advisement. Based on the parties' representation that the sole

---

[1] Surprisingly, during the course of the hearing held on Friday, June 11, 2010, none of the parties' counsel informed the Court that earlier in the day the magistrate judge denied plaintiff's motion to amend the complaint to add Bank defendants to the case on grounds of undue prejudicial delay.

[2] As noted in the Memorandum Opinion, should this change, and should the validity of the promissory note be disputed by one or more of the parties, plaintiff may request leave to amend the complaint accordingly.

unargued part of the summary judgment motions—Arrowpoint defendants' motion for summary judgment on Count III of the complaint—is moot as plaintiff intends to withdraw that claim, the hearing scheduled for Friday, June 18, 2010 is appropriately canceled.

Accordingly, and for good cause,

It is hereby **ORDERED** that plaintiff's motion for reconsideration (Docket No. 57) is **DENIED**.

It is further **ORDERED** that plaintiff's motion for summary judgment (Docket No. 55) is **TAKEN UNDER ADVISEMENT**.

It is further **ORDERED** that Arrowpoint defendants' motion for summary judgment (Docket No. 69) is **DENIED AS MOOT** with respect to Count III and **TAKEN UNDER ADVISEMENT** in all other respects.

It is further **ORDERED** that the hearing in this matter currently scheduled for Friday, June 18, 2010 is **CANCELED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
June 11, 2010

/s/
T. S. Ellis, III
United States District Judge