FILED
JUL -2 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TODD A. WEILER, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARROWPOINT CORPORATION, et al., )<br>Defendants. ) | Case No. 1:10cv157 |

## ORDER

The matter came before the Court on (i) plaintiff's objection to the magistrate judge's June 11, 2010 order denying plaintiff's motion to amend his complaint, and (ii) plaintiff's motion to dismiss defendant Arrowpoint Corporation's counterclaim seeking to enforce the Subordination Agreement as a third-party beneficiary. The matter, having been fully briefed and argued, is ripe for disposition.

### I.

A brief recapitulation of the recent procedural history of this case aids disposition of plaintiff's motion to amend. On May 11, 2010, the Court issued a Memorandum Opinion dismissing plaintiff's claims against then-defendants Virginia Commerce Bank and Jeffrey Satterly (together "Bank defendants"). *See Weiler v. Arrowpoint Corp.*, No. 1:10cv157 (E.D. Va. May 11, 2010) (Mem. Op.). The Memorandum Opinion dismissed plaintiff's claims based on the SA in part on the ground that no defendant had yet asserted that the SA prevented plaintiff from bringing this suit, and noted that in the event the SA was raised as a defense in the case, plaintiff "may request leave to amend his complaint accordingly." Mem. Op. at 19. On May 21, 2010, plaintiff filed (i) a motion for reconsideration of the May 11 Memorandum Opinion, and

(ii) a motion for partial summary judgment on its breach of contract claim against defendant Arrowpoint Corporation. Then, on May 25, 2010, Arrowpoint Corporation filed a counterclaim and motion for summary judgment, asserting that it is an assignee and third-party beneficiary of the Subordination Agreement (the "SA"), and further asserting that the SA bars plaintiff from suing for breach of contract. Thereafter, on May 28, 2010, plaintiff filed his motion to amend the complaint seeking to re-name Bank defendants as defendants in this case.

In his June 11 order, the magistrate judge denied plaintiff's motion to amend on the ground that plaintiff's delay in seeking leave to amend had prejudiced Bank defendants, noting that the motion was filed on the day of the close of discovery. The magistrate judge therefore did not reach the question whether plaintiff's proposed amendment would satisfy the requirements of Rule 12(b)(6), Fed. R. Civ. P.

The magistrate judge erred as a matter of law in misapplying the Rule 15 standard for motions to amend as there was no undue delay with respect to claims against Bank defendants and any prejudice to Bank defendants is easily cured. Specifically, Bank defendants plainly had adequate notice of this action as they were initially parties to it. Any prejudice to Bank defendants is the result of the close of discovery, a problem that can be resolved by extending the discovery period, which will be considered upon a motion by Bank defendants. Thus, as there was little or no delay with respect to Bank defendants, and any prejudice to Bank defendants is easily resolved, the analysis turns to whether amendment should be disallowed on grounds of futility. The proposed amended complaint alleges thirteen counts:

    (i) breach of contract against Arrowpoint for default on the note;

    (ii) breach of "actual and implied contract" against Arrowpoint under the duty of good

faith and fair dealing;

(iii) breach of contract against Virginia Commerce Bank for violating the duty of good faith and fair dealing;

(iv) breach of contract against Virginia Commerce Bank for breach of the SA;

(v) breach of contract against Arrowpoint and Bank for breaching an "integrated agreement" consisting of the SRA, SA, and Note;

(vi) quantum meruit against defendant Arrowpoint;

(vii) unjust enrichment against defendants Arrowpoint and Small;

(viii) fraud and fraudulent inducement against all defendants;

(ix) constructive fraud against all defendants;

(x) business conspiracy and unfair trade practices against defendants Small, Arrowpoint, Wilkinson, Satterly, and Bank;

(xi) declaratory relief against defendant Arrowpoint on (i) the noncompete agreement, and (ii) the failure to make payments under the note;

(xii) declaratory relief against defendants Bank and Arrowpoint on the effect of the SA; and

(xiii) reformation of the SRA, SA, and Note against defendants Arrowpoint and Bank.

It is clear that plaintiff principally seeks to amend his complaint to renew the very claims that were dismissed in the May 11, 2010 Memorandum Opinion. And for the most part, the modestly revised factual allegations, freshly considered, would not alter in any respect the rulings on the motion to dismiss and on his motion for reconsideration of that ruling—for precisely the reasons stated in the May 11 Memorandum Opinion and the June 11 Order denying the motion for reconsideration. Accordingly, allowing plaintiff leave to amend the complaint as proposed in Counts II, III, V, VII, IX, and X of the proposed amended complaint would be futile, as those

claims still do not state valid claims pursuant to Rule 12(b)(6), Fed. R. Civ. P. Thus, the objection is overruled in this respect and the magistrate judge's ruling is affirmed, albeit on different grounds. Additionally, the record amply reflects that plaintiff's new request to add "Wayne Wilkinson," an independent contractor, as an Arrowpoint defendant, was unduly delayed and would result in prejudice to Mr. Wilkinson, who had no notice of the pendency of this action until this late date. Thus, the objection is overruled and the ruling affirmed in this respect as well.

Yet, whereas plaintiff did not previously state a valid fraud claim against Bank defendants, he has now done so. Specifically, plaintiff has now made specific factual allegations that give rise to a plausible inference that he was fraudulently induced into agreeing to the SA by assurances that the Bank would not act to prevent Arrowpoint from paying him on the note as long as Arrowpoint made its regular payments on Bank. And, plaintiff alleges, after the SA was executed, Bank did precisely that. As this allegation states a plausible fraudulent inducement claim, it would survive a motion to dismiss. Accordingly, amending the complaint to add this fraud allegation would not be futile, and therefore plaintiff is appropriately granted leave to amend the complaint with respect to Count VIII of the proposed amended complaint. Plaintiff's other fraud allegations against Bank defendants, however, remain infirm for the reasons stated in the Memorandum Opinion, and thus leave is not granted to amend the complaint to add those allegations.

In connection with this fraud claim, plaintiff also seeks (i) declaratory relief invalidating the SA in Count XII, and (ii) reformation of the SA in Count XIII. As the declaratory relief requested is essentially redundant with the fraud claim insofar as it seeks to invalidate plaintiff's

obligation not to sue on the Note, and unripe in all other respects, the request to add the declaratory relief count is appropriately denied. With respect to the reformation claim, for reasons stated in the Memorandum Opinion, because it is possible—though perhaps doubtful—that a finding of fraud would warrant reformation, leave to amend to add this claim in Count XIII is appropriately granted.

## II.

Plaintiff's motion to dismiss Arrowpoint's counterclaim seeking to enforce the Subordination Agreement must be denied. Arrowpoint has stated a plausible claim that (i) it is an intended third party beneficiary to the SA, (ii) the SA is valid and enforceable, and (iii) plaintiff's breach of contract claim in this suit is barred by operation of the SA's anti-suit provision. This allegation is clearly plausible and thus a threshold motion is not the proper vehicle to adjudicate the claim. Accordingly, the motion to dismiss the counterclaim is denied.

## III.

Plaintiff's and Arrowpoint's cross-motions for summary judgment must be denied on the breach of contract claim and related counterclaim. This is so because it appears clear that Arrowpoint may, in fact, be in breach of the Note. Nonetheless, plaintiff may be barred from suing for that breach by operation of the SA. Whether or not plaintiff can allege breach of the note appears to depend principally on whether the SA is valid and enforceable. And the answer to that question, in turn, depends on whether the SA was procured by fraud. As this fraud claim is now again outstanding in this case, the parties' cross-motions for summary judgment must be denied at this time.

# IV.

Accordingly, and for good cause,

It is hereby **ORDERED** that plaintiff's objection to the magistrate judge's order denying plaintiff's motion to amend (Docket No. 129) is **GRANTED IN PART** insofar as plaintiff is **GRANTED LEAVE** to amend the complaint to add Counts VIII and IX of the proposed amended complaint to this case and **DENIED IN ALL OTHER RESPECTS**.

It is further **ORDERED** that plaintiff is **DIRECTED** to file any amended complaint as authorized above by 5:00 p.m., Wednesday, July 7, 2010.

It is further **ORDERED** that plaintiff's motion to dismiss Arrowpoint's counterclaim (Docket No. 117) is **DENIED**.

It is further **ORDERED** that plaintiff's and Arrowpoint's cross-motions for summary judgment on the breach of contract claim and on Arrowpoint's counterclaim (Docket Nos. 55 & 69) are **DENIED**.

The clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
July 2, 2010

/s/
T. S. Ellis, III
United States District Judge